# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER POOLE; | ) | |
| Plaintiff | ) ) | Civil Action No. _____ |
| v. | ) ) ) | COMPLAINT |
| UNITED SUPPLY, INC.; and KEITH WHITNEY. | ) ) ) | |
| Defendants | ) | |

Plaintiff Christopher Poole, through undersigned counsel, hereby alleges as follows:

### THE PARTIES

1. Christopher Poole is an individual of the full age of majority and a resident of Terrebonne Parish, Louisiana.

2. Defendant United Supply, Inc, ("United Supply") is a Louisiana corporation with its registered domicile address at 126 Capital Blvd., Houma, La.

3. Defendant Keith Whitney is a person of the full age of majority and a resident of this District.

### JURISDICTION AND VENUE

4. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to § 1367(a).

5. A substantial part of the events or omissions giving rise to this claim occurred within this District. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

6. Defendants are engaged in commerce pursuant to 29 U.S.C. § 203(s).

7. Defendants have a common business purpose and exercise unified operation and common control. They therefore qualify as an enterprise pursuant to 29 U.S.C. § 203(r).

8. Mr. Whitney is the President of United Supply, and sets company-wide pay practices and policies for the company, including the timekeeping and payroll policies complained of herein.

9. At all times relevant to this complaint, Mr. Whitney had authority to hire and fire employees of United Supply.

10. At all times relevant to this complaint, Mr. Whitney had authority to supervise and control the work schedules and conditions of employment for employees of United Supply. In particular, Mr. Whitney controlled the terms and conditions relating to timekeeping, payroll, and overtime payment.

11. At all times relevant to this complaint, Mr. Whitney determined the method and rate of payment, including the rate of overtime payment, for United Supply employees.

12. At all times relevant to this complaint, Mr. Whitney maintained employment records, including timekeeping and payroll records.

13. Defendants' annual gross volume of sales made or business done, as an enterprise, has exceeded $500,000 for each year during the relevant time period.

14. Plaintiff requests trial by jury on all counts so triable.

## FACTUAL ALLEGATIONS

15. United Supply is a distributor of air conditioning, refrigeration, and other appliance parts located in Houma, Louisiana.

16. Plaintiff Christopher Poole works for Defendants as an inside salesman.

17. Mr. Poole's rate of pay is $18.00 per hour.

18. Mr. Poole does not receive commission on sales.

19. Mr. Poole regularly works more than forty hours in a workweek, but is paid only "straight time" for all hours, at the $18.00 hourly rate.

20. Mr. Poole began working for Defendants in October 2015.

21. This "straight time for overtime" policy has been in effect during Mr. Poole's entire employment with Defendants.

22. For example, for the pay period dating from February 1, 2022 through February 15, 2022, Mr. Poole worked 107 hours and 17 minutes. All that time was paid at his $18.00 hourly rate

23. For the pay period dating from February 16 through February 28, 2022, Mr. Poole worked 83 hours and 2 minutes, all at the $18.00 per hour regular hourly rate.

24. Mr. Poole worked over forty hours in nearly every workweek within the relevant time period, and frequently worked over fifty hours in a workweek. On information and belief, additional records of hours worked and sums paid are within the possession, custody or control of Defendants.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*)

25. Plaintiff hereby realleges and reincorporates all paragraphs set forth above.

26. The FLSA requires employers to pay a time-and-a-half overtime premium for hours worked over forty. 29 U.S.C. § 207.

27. Defendants have underpaid overtime by paying straight time for all hours worked, without any time-and-a-half overtime premium for hours worked over forty in a workweek.

28. Defendants' underpayment was and is willful and not based in a good faith belief that their conduct was in accordance with the law.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

    a.    For an award of all unpaid wages and overtime according to proof;

    b.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    c.    For an award of reasonable attorney's fees and costs of suit;

    d.    For injunctive or equitable relief as provided by law;

    e.    For pre and post-judgment interest to the extent provided by law; and

    f.    For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s/ Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

*and*

Robert B. Landry III (#18998)(TA)
rlandry@landryfirm.com
ROBERT B. LANDRY III, PLC
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana 70808
Telephone: (225) 349-7460
Facsimile: (225) 349-7466